**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

Jorge Luis Alverio Nunez,

        *Plaintiff*,

v.

Carnival Corporation,

        *Defendant.*         /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jorge Luis Alverio Nunez, hereby sues Carnival Corporation for damages and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff, Jorge Luis Alverio Nunez ("Nunez") is a citizen of the state of Florida.

2. Defendant, Carnival Corporation ("Carnival"), is a foreign corporation with its principal place of business in Miami, Florida. At all times material Carnival was doing continuous and systematic business in the Southern District of Florida by operating seagoing vessels in Florida.

3. During all times material, Defendant Carnival owned and operated the vessel *Carnival Magic* on a cruise departing from Miami, Florida in May of 2025.

4. Admiralty jurisdiction is proper under 28 U.S.C. § 1333 as the cause of action is a maritime tort.

5. Venue is proper pursuant to both 28 U.S.C. § 1391 and the forum selection clause contained within the defendant's cruise ticket.

**FACTS COMMON TO ALL COUNTS**

6.      At all times material, Carnival Corporation was engaged in the business of providing to the public and to the plaintiff, for compensation, vacation cruises vessels owned and operated by Carnival, including the *Carnival Magic*.

7.      On or about May 21, 2025, Plaintiff Nunez was a passenger on board the *Carnival Magic*.

8.       On May 21, 2025, in the afternoon, Plaintiff Nunez was on the Lido Deck area of the ship (deck 10). While on the Lido deck, Plaintiff walked barefoot approximately twenty (20) steps from the pool to his chairs to put his shoes on. The deck surface was unreasonably and dangerously hot and caused severe second-degree burn injuries to Plaintiff Nunez's feet.

9.      On May 21, 2025, Carnival allowed the open deck of the Lido Deck of the Carnival *Magic* to remain in a dangerous condition for an extended period of time.

10.     Plaintiff Nunez did not know, nor could he reasonably have known, that the deck surface had reached a temperature capable of causing second degree burns within a matter of seconds.

11.     Carnival failed to provide warnings about the dangerously hot deck. There were no warnings, signs or notices in the area to alert passengers that the deck was able to become so hot that it could cause second degree burns in a matter of seconds.

12.     Prior to Plaintiff Nunez's injury, Carnival knew that the decks of its cruise ships have the potential to cause severe burns to passengers' feet prior to Plaintiff Nunez's injury. The defendant had at least twenty-five (25) passengers who were burned by hot decks on its cruise ships, made of the same or substantially similar material to the deck on which Plaintiff was burned, during the six (6) years prior to Plaintiff Nunez's injury:

 i. Shane Allen, 5/2/2025, Carnival *Magic*, Male passenger sustained second degree burns to the bottoms of both his feet when barefoot on the API Syntheteak floor on the Lido deck;

 ii. Dwayne Hunter, 9/25/2022, Carnival *Horizon* Male passenger sustained second degree burns to the bottoms of both his feet when barefoot on the API Syntheteak floor on the Lido deck;

 iii. Michelle White, 7/30/2019, Carnival *Magic*, Female passenger burned the bottom of both her feet when walking barefoot on the API Syntheteak on the Lido deck, midship by main pool;

 iv. Roy Lattin, 8/31/2021, Carnival Sunrise, Male passenger burned both feet when walking barefoot on API Syntheteak on Deck 10, starboard side;

 v. Barry Thornhill, 10/19/2021, Carnival *Mardi Gras*, Male passenger burned bottom of feet when walking barefoot on the API Syntheteak on Deck 18, portside aft;

 vi. Amy Tait, 4/7/2022, Carnival *Dream*, Female passenger burned the bottom of both her feet when walking barefoot on the API Syntheteak on Deck 10, portside aft;

 vii. Terri Willard, 5/15/2022, Carnival *Mardi Gras*, Female passenger burned the bottom of both feet when walking barefoot on the API Syntheteak on Deck 8, starboard side aft;

 viii. Darryl Delsa, 5/24/2022, Carnival *Mardi Gras*, Male passenger burned the bottom of his right foot when walking barefoot on the API Syntheteak on Deck 18, starboard side forward;

 ix. Steven Cohen, 6/16/2022, Carnival *Legend*, Male passenger burned the bottom of his right foot when walking barefoot on the API Syntheteak on the Lido Deck, portside by the main pool;

 x. Vincent Musto, 8/24/2022, Carnival *Mardi Gras*, Male passenger burned the bottom of both his feet when walking barefoot on the API Syntheteak on Deck 18, starboard side;

 xi. Edward Du Pont, 9/18/2022, Carnival *Magic*, Male passenger burned the bottom of both his feet when walking barefoot on the API Syntheteak on the Lido Deck, midship by the main pool;

 xii. Dwayne Hunter, 9/25/2022, Carnival *Horizon*, Male passenger burned the bottom of both his feet when barefoot on the API Syntheteak on the Lido Deck, starboard side by the main pool;

xiii. Douglas Moranski, 10/12/2022, Carnival *Mardi Gras*, Male passenger burned the bottom of both his feet when walking barefoot on the API Syntheteak on Deck 16, forward by Beach pool;

xiv. Douglas Smardz, 3/14/2023, Carnival *Mardi Gras*, Male passenger burned the bottom of both his feet when walking barefoot on the API Syntheteak on Deck 8, starboard side aft;

xv. Theopolis Cyprus, 3/28/2023, Carnival *Magic*, Male passenger burned the bottom of both his feet when walking barefoot on the API Syntheteak on Deck 10, aft;

xvi. George Ayala, 4/12/2023, Carnival *Mardi Gras*, Male passenger burned the bottom of both his feet when walking barefoot on the API Syntheteak on Deck 16, portside aft;

xvii. Lillian Culver 4/24/2023, Carnival *Sunrise*, Female passenger burned the bottom of her right foot when walking barefoot on the API Syntheteak on Deck 9, starboard side midship;

xviii. Victor Shaw, 5/5/2023, Carnival *Celebration*, Male passenger burned the bottom of both his feet when walking barefoot on the API Syntheteak on Deck 16, midship by the main pool;

xix. Karl Kowalzik, 5/23/2023, Carnival *Celebration*, Male passenger claimed to have burned the bottom of both his feet when walking barefoot on the API Syntheteak on Deck 16, starboard side aft;

xx. James Watson, 6/5/2023, Carnival *Mardi Gras*, Male passenger burned the bottom of both his feet when walking barefoot on the API Syntheteak on Deck 16, midship by the Beach pool;

xxi. Brian Coleman, 7/28/2023, Carnival *Legend*, Male passenger burned the bottom of his right foot when walking barefoot on the API Syntheteak on Deck 9, aft;

xxii. William Phipps, 8/5/2023, Carnival *Celebration*, Male passenger claimed to have burned the bottom of both his feet when walking barefoot on the API Syntheteak on Deck 18, portside forward.

xxiii. Donald Blanton, 9/18/2023, Carnival *Horizon*, Male passenger sustained burn injuries to his feet from walking on the dangerously hot floor on API Syntheteak.

xxiv. Robert Manor, 4/14/2022, Carnival *Mardi Gras*, Male passenger sustained burn injuries to his feet from walking on the dangerously hot floor on API Syntheteak.

xxv. Frank Jury, 5/9/2024, Carnival *Sunshine*, Male passenger sustained burn injuries to his feet from walking on the dangerously hot floor on API Syntheteak.

4

13. Carnival also had notice that the decks of its cruise ships have the potential to cause severe burns to passengers' feet prior to Plaintiff Nunez's injury, because it had at least forty-two (42) passengers who complained of the hot decks on its ships during the six (6) years prior to Plaintiff Nunez's injury:

i. Giovanni Rodriguez, 4/5/2019, Carnival *Victory*, complained "Your deck floor by the water side was so hot, that it burned my family's feet and caused my left foot to get a blister";

ii. Michael Porter, 5/13/2019, Carnival *Victory*, complained "the deck floor around pool was so hot that we burned our feet when going to waterslide," and "a different deck floor that doesnt get so hot would be a good idea";

iii. David Coates, 5/19/2019, Carnival *Victory*, complained "the decks around the pool became unexpectedly hot during our cruise. I burned my feet on at least one occasion";

iv. Jessica Frederick, 5/25/2019, Carnival *Conquest*, complained "The deck floors were extremely hot when at the pool. My husband and I burned out feet after using the slide and having to walk back to get our shoes";

v. Maranda Savoy, 6/8/2019, Carnival *Breeze*, complained "maybe put a substance on the ship deck so it wont get so hot, we had burns on the bottoms of our feet just trying to walk around the ship by the pools";

vi. Gregory Shewmaker, 6/17/2019, Carnival *Valor*, complained "Pool decking was so hot burnt my feet walking from the chair to pool";

vii. Thomas Patterson, 7/4/2019, Carnival *Dream*, complained "Can you add a product you can apply to the lido deck so people will not burn their feet when its the hottest

part of the day when theyre going to and from the pool and not have to wear flip flops every time and especially when you do the contest, most of the time people arent wearing their shoes when participating, I believe the call the product, cool deck. I say this because it happened to me!";

viii.   Amy Cunningham, 8/1/2019, Carnival *Elation*, complained "The pool area was terrible. The pool was too small and the deck by the slides got so hot it burned your feet";

ix.   Karen Bush, 8/16/2019, Carnival *Liberty*, complained "I burned my feet the first day if the ship I think there should be signs and reminders for those of us that dont understand how hot the lido deck can be";

x.   Sharon Beatty, 7/31/2021, Carnival *Mardi Gras*, complained "The only thing I found that was a negative was the pool deck. The deck was extremely hot and could not be walked on in bare feet. I burned my feet trying to go from my lounge chair to the pool. By the time I realized the deck was burning hot it was too late to turn around";

xi.   Brittany Hamilton, 8/21/2021, Carnival *Horizon*, complained "I literally burnt the soles of my feet on deck 12 near the Dr. Seuss waterpark area. There wasn't even a sign or anything indicated the deck might be hot, but it was SO hot it hurt like crazy and even now - a week later - I still have blisters on my feet. And I only stepped onto the deck for about 20 seconds before jumping off. I'm very glad I didn't have a small child with me!";

xii.   Tonya Dolison, 2/26/2022, Carnival *Mardi Gras*, complained "The deck was so hot I burned my feet getting in and out of the hot tub."

6

xiii.    Doreen Newberry, 3/19/2022, Carnival *Mardi Gras*, complained "Deck was entirely to hot without flip flop while entering the pool. Me and a few others burned their feet!";

xiv.    Niyah Dark, 4/11/2022, Carnival *Liberty*, complained "The steps of the cruise to the upper decks get extremely hot. I burned the bottom of my foot. Maybe you can tell people or place some type of safe surface so people, especially children going to the waterslide, won't burn their feet.";

xv.    Connie Chandler, 4/25/2022, Carnival *Sunshine*, complained "I burned my feet on the pool deck. Need to have signs says. Hot floors."

xvi.    Penny Leideker, 4/30/2022, Carnival *Mardi Gras*, complained "Decking burned your feet and no signs posted about how hot it was-I thought it was cool decking so had no shoes when walking to the pool-it was painful!";

xvii.    Renee Hicks, 5/23/2022, Carnival *Breeze*, complained "If possible, find a different type of coating for the lido deck where your feet dont get burned while walking on it!! So incredibly hot!!";

xviii.    Richard Boss, 6/11/2022, Carnival *Mardi Gras*, complained "The brown swim decks were so hot I burned my foot.";

xix.    Jeromy Leatherman, 6/12/2022, Carnival *Legend*, complained "the deck at Serenity was too hot to walk on, burned feet";

xx.    Barry Smith, 6/18/2022, Carnival *Vista*, complained "No sign by pool [saying] hot [deck before] sailing burnt the skin off my foot had to pay for the medical supplies then had to used wheelchair for off shore.";

xxi. James Hulak, 6/28/2022, Carnival *Magic*, complained "Replace the deck or put down rubber mats. It may be tan in color but it gets sooo hot that it will burn your feet. You cannot make it from your chair to the pool without burning your soles.";

xxii. Tara Trivinia, 9/17/2022, Carnival *Freedom*, complained "The deck by the pool gets extremely hot and burns the bottom of your feet when walking to the pool";

xxiii. Bernard Downie, 1/8/2023, Carnival *Splendor*, complained "You need to put signs up around pool to let people know the deck gets hot as I got burnt feet and spent half cruise in a wheelchair because of blisters on my feet";

xxiv. Gina Helt, 3/11/2023, Carnival *Dream*, complained "The deck on deck 11 aft by the pool went the stairs were so hot they burned my feet and that of my daughter. This is a safety issue that needs to be addressed";

xxv. Carlie Herbst, 4/1/2023, Carnival *Vista*, complained "Deck floor getting very hot. Brown flooring with black stripes burned bare feet";

xxvi. Michael Cramer, 4/16/2023, Carnival *Spirit*, complained "Pool deck was extremely hot got 1–2 degree burns on bottom of feet";

xxvii. Jeremy Willden, 5/6/2023, Carnival *Panorama*, complained "We were told water shoes/flipflops were not allowed on the waterslide… we took them off and burned our feet on the hot deck. They should have signs that are more clear that you can wear them on the deck and the fact that the deck can be very hot in the sun.";

xxviii. Jesse Mai, 5/6/2023, Carnival *Panorama*, complained "Place signs warning people to bring footwear with them on the deck. I severely burned my feet walking on the hot deck, and by the time I realized that the deck was scorching from the sun, there

were no other pathways nearby made of more heat-resistant material that I could escape to";

xxix. Jennifer Griffin, 5/13/2023, Carnival *Sunshine*, complained "I was severely burned on the pool deck. 2nd degree burns on both feet. No signs about hot floor."

xxx. Jonathan Bender, 5/13/2023, Carnival *Legend*, complained "I burnt my feet on deck 10 of the carnival legend because the deck was too hot";

xxxi. Ashly Dabney, 5/20/2023, Carnival *Vista*, complained "Your deck was extremely hot near the water slide and I burned half of the sole of my foot off on the deck. This was very dangerous";

xxxii. Robert Andres, 6/4/2023, Carnival *Celebration*, complained "Deck flooring super hot and my whole family burnt their feet for about 2 days."

xxxiii. Donna Najera, 6/4/2023, Carnival *Legend*, complained "On the second day of the trip, I burnt my feet on the deck of the adult pool";

xxxiv. Phillip Spencer, 6/11/2023, Carnival *Dream*, complained "Cooler pathway from deck to water slides, too hot and burned feet.";

xxxv. Rosalyn Mole, 7/2/2023, Carnival *Horizon*, complained "I recieved 2nd degree burns on the bottom of my feet… That deck should never had burned my feet so, just walking on it.";

xxxvi. Ashley Corp, 7/2/2023, Carnival *Magic*, complained "Deck was so hot it burnt your feet.";

xxxvii. Kayla Sampson, 7/9/2023, Carnival *Celebration*, complained "I hated that it was a separate part/deck… I ended up walking on the hot deck quickly before my feet burnt on the slides.";

xxxviii.   Daitwan Walker, 7/15/2023, Carnival *Dream*, complained "I walked across the deck… and apparently it was too hot to be walked on… later that evening, a blister formed";

xxxix.   Frederick Bell, 7/29/2023, Carnival *Mardi Gras*, complained "I have 2nd degree burns on both my feet walking on the hot deck";

xl.   Jordan Lint, 8/11/2023, Carnival Liberty, complained "She sustained a second degree burn on the bottom of her foot from the pool deck after walking around.";

xli.   Taren Grom, 8/19/2023, Carnival *Mardi Gras*, complained "The decking around the pool needs to be replaced. We were on a late August cruise and without exception everyone was hot hopping around the pool, the areas that were in direct sunlight. The decking was incredibly hot and caused burning of the feet… people were hot hopping around the pool.";

xlii.   Lanecia Richardson, 9/2/2023, Carnival *Freedom*, complained "Gst reported to GSD that she burnt her feet near the pool slides. Gst returned to GSD and stated that she would like to give a detailed explanation of how she got injured. As per guest she has blisters on her feet due to the burns she injured."

14.   Carnival has a history of passengers burning their feet on excessively hot pool decks of all ships in its fleet, which all have the same API Syntheteak deck material installed on the pool and exterior decks.

15.   In addition, prior to Plaintiff's injury, the manufacturer of the deck material provided Carnival with information regarding the deck material's ability to become dangerously hot, dating back to 2014.

16.     As a result of contact with the dangerously hot deck surface, Plaintiff Nunez sustained severe burns on both of his feet, resulting in pain and suffering, infection, extensive medical treatment and will require additional treatment into the future.

## COUNT I – NEGLIGENT FAILURE TO WARN

Plaintiff repeats and realleges paragraphs 1 through 16 as fully incorporated herein. Plaintiff further alleges:

17.     Defendant Carnival owed the plaintiff, as a fare-paying passenger aboard its vessel, the duty to act with reasonable care with regard to passenger safety on its ship.

18.     This duty includes the duty to warn its passengers of dangerous and hazardous conditions and circumstances that it knows its passengers will encounter on the ship.

19.     Prior to Plaintiff's injury, Carnival had actual and/or constructive notice of the dangerous condition of the deck heat, based on prior burns, prior complaints of burns and hot decks, and prior notice provided by the deck manufacturer. ¶ 12 – 13, *supra*.

20.     Despite all of this knowledge, Carnival breached its duty to the Plaintiff by failing to take any action to warn passengers of the dangerous deck's propensity to cause burn injuries due to extreme heat. Carnival provided no warning to Plaintiff Nunez of the dangerous condition.

21.     The dangerous condition was not open and obvious. While a passenger may reasonably expect an exterior deck surface exposed to sunlight to become warm, Plaintiff could not reasonably anticipate that the deck surface had reached temperatures capable of causing severe second-degree burns within seconds of ordinary contact.

22.     It was reasonably foreseeable that passengers utilizing the pool area would walk barefoot for short distances between pool areas and nearby chairs, loungers, and amenities.

23.     Defendant's failure to warn of the dangerous condition was the proximate cause of Plaintiff's injury, because if he had been properly warned of the propensity for burns on the hot deck, the plaintiff would have either avoided the area by staying in the shade, refrained from touching the deck even for a second, or simply not risked taking the cruise vacation at all.

24.     As a direct and proximate result of the defendant's negligent failure to warn Plaintiff of the dangerous and hazardous condition on the main pool deck, Plaintiff Nunez suffered a severe and life changing injury to his feet and other parts of his body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Jorge Luis Alverio Nunez prays for judgment to be entered against the defendant, Carnival Corporation, for compensatory damages in excess of Five Million Dollars ($5,000,000.00), together with prejudgment interest, post judgment interest, taxable costs, punitive damages where applicable, and such other relief as the Court deems proper. Plaintiff demands a trial by jury.

## COUNT II – GENERAL NEGLIGENCE

Plaintiff repeats and realleges paragraphs 1 through 16 as fully incorporated herein. Plaintiff further alleges:

25.     Defendant Carnival owed the plaintiff, as its passenger, the duty to act with reasonable care with regard to passenger safety on its ship. This included but was not limited to

12

taking action to make the *Carnival Magic* reasonably safe for its passengers during the subject cruise vacation.

26. This duty includes the duty to maintain its ship in a reasonably safe condition in the areas where the cruise line knows that passengers will be going.

27. Carnival was negligent and breached its duty to act with reasonable care under the circumstances based on the following:

    i. failing to reasonably monitor the heat of the deck for reasonably safe walking temperatures;

    ii. failing to maintain the area where the plaintiff was severely burned on the main pool deck by making zero changes or alterations to the deck material to attempt to cool the deck despite knowing of the past burn injuries outlined above;

    iii. failing to change the deck surface for a safer option;

    iv. failing to take action to lessen the heat of the deck such as spray with water or apply a coating to help with heat propensity, or install shading over the open areas;

    v. failing to require passengers wear shoes on the deck; and

    vi. failing to act with reasonable care under the circumstances.

28. Prior to Plaintiff Nunez's injury, Carnival had notice of the dangerous condition of the deck heat, based on prior burns, prior complaints of burns and hot decks, and prior notice provided by the deck manufacturer. ¶ 12 – 13, *supra*.

29. Despite this knowledge, the defendant was negligent and breached its duty of reasonable care to the plaintiff by failing to take any of the actions listed in ¶ 27, *supra*.

30. The dangerous condition was not open and obvious. While passengers may expect the deck to be warm, the deck was unreasonably hot to the extent it could cause severe second-

degree burns within seconds of contact, which is a condition not readily apparent to passengers exercising reasonable care. Plaintiff Nunez was walking on the Lido Deck from his chair to the pool and removed his shoes because he was not planning to wear them in the pool. It is reasonable for a passenger to believe they can walk safely on the pool deck when they are going to the pool.

31.     The failure to reasonably maintain the deck in a safe condition was the proximate cause of Plaintiff's injury, because if the deck had been cooled or changed in some way to lessen the heat, the plaintiff would not have sustained a second degree burn injury by touching his foot to the deck for a matter of seconds.

32.     As a direct and proximate result of the defendant's negligent failure to maintain the deck, Plaintiff Nunez suffered a severe and life changing injury to his two feet and other parts of his body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Jorge Luis Alverio Nunez prays for judgment to be entered against the defendant, Carnival Corporation, for compensatory damages in excess of Five Million Dollars ($5,000,000.00), together with prejudgment interest, post judgment interest, taxable costs, punitive damages where applicable, and such other relief as the Court deems proper. Plaintiff demands a trial by jury.

## COUNT III – NEGLIGENT CONTINUED USE OF DANGEROUS DECK MATERIAL

Plaintiff hereby repeats and realleges paragraphs 1 through 16 as fully incorporated herein. Plaintiff further alleges:

33.     Defendant Carnival owed Plaintiff Nunez, as a fare-paying passenger aboard its vessel, a duty to exercise reasonable care under the circumstances to maintain its vessel in a reasonably safe condition, including the deck surfaces in areas where passengers were expected and reasonably foreseeably permitted to walk, including barefoot in and around pool and recreational areas.

34.     Prior to Plaintiff Nunez's injury, Carnival knew or should have known that the API Syntheteak deck material used across its fleet, including aboard the Carnival *Magic*, had the propensity to reach dangerously high surface temperatures when exposed to sunlight and ordinary operating conditions.

35.     Prior to Plaintiff Nunez's injury, Carnival had actual and/or constructive notice that passengers aboard its vessels had suffered burn injuries, including second-degree burns to the feet, as a result of contact with the API Syntheteak deck material in pool and recreational areas where barefoot use was reasonably foreseeable. ¶ 12, *supra*

36.     Prior to Plaintiff Nunez's injury, Defendant Carnival further received numerous passenger complaints reporting excessively hot deck surfaces and burn injuries occurring under substantially similar conditions across multiple vessels within its fleet. ¶ 13, *supra*

37.     Prior to Plaintiff Nunez's injury, Defendant Carnival was also in possession of information, including testing data and/or manufacturer communications dating back to at least 2014, indicating that the API Syntheteak deck material could reach temperatures capable of causing burn injuries upon brief contact.

38.     Despite this knowledge and notice, Carnival negligently continued to use the API Syntheteak deck material aboard its vessels, including the Carnival *Magic*, without implementing reasonable safety measures sufficient to mitigate or eliminate the known danger.

39.     Carnival was negligent and breached its duty to act with reasonable care under the circumstances based on the following:

    i.    continuing to utilize API Syntheteak deck material despite knowledge of prior passenger burn injuries;

    ii.    continuing to utilize API Syntheteak deck material despite repeated complaints of excessive heat and foot burns;

    iii.    failing to replace or retrofit the deck material with a safer alternative surface;

    iv.    failing to implement reasonable mitigation measures, including cooling, shading, warning systems, or temperature monitoring;

    v.    failing to conduct adequate safety reassessment of the continued use of the deck material after receiving notice of repeated incidents; and

    vi.    otherwise failing to exercise reasonable care under the circumstances.

40.     It was reasonably foreseeable to Carnival that passengers using pool and recreational areas would walk barefoot for short distances between chairs, loungers, pools, slides, and other amenities, particularly during normal recreational use of the vessel.

41.     The dangerous condition created by Carnival's continued use of the API Syntheteak deck material was not open and obvious in that passengers could not reasonably anticipate that the deck surface temperature would reach levels capable of causing severe burns after brief contact during ordinary use of the vessel.

42.     Defendant Carnival's negligent continued use of the API Syntheteak deck material was a direct and proximate cause of Plaintiff Nunez's injuries.

43.     As a direct and proximate result of the defendant's negligent failure to maintain the deck, Plaintiff Nunez suffered a severe and life changing injury to his two feet and other parts of

16

his body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Jorge Luis Alverio Nunez prays for judgment to be entered against the defendant, Carnival Corporation, for compensatory damages in excess of Five Million Dollars ($5,000,000.00), together with prejudgment interest, post judgment interest, taxable costs, punitive damages where applicable, and such other relief as the Court deems proper. Plaintiff demands a trial by jury.

## COUNT IV – PUNITIVE DAMAGES

Plaintiff hereby repeats and realleges paragraphs 1 through 16 as fully incorporated herein. Plaintiff further alleges:

44.     Prior to the plaintiff's severe burns sustained on the *Carnival Magic*, the defendant knew that at least twenty-five (25) passengers had sustained burns on their feet due to the unreasonably hot deck material across ships in its entire fleet during the six (6) years prior to the plaintiff's injury. ¶ 12, *supra*

45.     Prior to the plaintiff's severe burns sustained on the *Magic*, the defendant knew that at least forty-two (42) passengers had complained of hot decks and/or burning their feet due to the unreasonably hot deck material across ships in its entire fleet during the six (6) years prior to the plaintiff's injury. ¶ 13, *supra*

46.     Prior to the plaintiff's injury, the defendant knew that as early as 2014 there was testing completed that showed that the API Syntheteak deck which is on all of Carnival's fleet's pool decks has the ability to reach dangerously high temperatures.

47.     Prior to the plaintiff's severe burns sustained on the Carnival Magic, the defendant knew that at least two passengers had sustained burns so bad that the passengers each required amputation of the foot and leg up to below the knee.

48.     Despite knowing that the deck material across its fleet has the likelihood to become unreasonably hot and cause burn injuries to barefoot passengers, the defendant has taken no action to remedy the dangerous condition.

49.     Despite knowing that the extremely hot decks aboard its fleet disproportionately affect a vulnerable population of its cruise passengers, namely passengers with diabetes who have a significantly impaired ability to feel the hot deck and heal from wounds, Defendant Carnival has taken no action to address the condition of its extremely hot decks.

50.     Despite the foreseeability and likelihood of burn injuries being sustained on its ships' hot decks, the defendant willfully, wantonly, and recklessly chose not to provide any warning to the plaintiff or other passengers of the dangerous nature of the deck.

51.     The defendant's actions outlined in this complaint were more than simply negligent; its conduct was willful, wanton, and displayed a reckless disregard for the safety and rights of the plaintiff. Defendant's conduct in doing absolutely nothing to warn its passengers of the dangerous nature of the hot deck, and do absolutely nothing to cool down the decks in question constitutes outrageous corporate conduct which support a claim of punitive damages.

52.     As a direct and proximate result of the defendant's willful, wanton, and reckless actions above, Plaintiff Nunez suffered a severe and life changing injury to his two feet and other

parts of his body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Jorge Luis Alverio Nunez prays for judgment to be entered against the defendant, Carnival Corporation, for punitive damages including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

/s/ William W. Munch
JACOB J. MUNCH
E-mail: jake@munchandmunch.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
WILLIAM W. MUNCH
E-mail: william@munchandmunch.com
Florida Bar Number 1065075
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172
*Attorneys for Plaintiff Nunez*